# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**NATIONAL TRAFFIC SERVICE, INC.**                                                                  **PLAINTIFF**

**VS.**                                            **1:08-CV-00262-BRW**

**FIBERWEB, INC. and REEMAY, INC.**                                                            **DEFENDANTS**

## ORDER

Pending is Defendants' Motion in Limine for a Determination of the Applicable Standards under Tennessee Law for Breach of Contract Claims Premised on the Implied Covenant of Good Faith and Fair Dealing (Doc. No. 48). Plaintiff has responded,[1] and Defendants have replied.[2] Based on the findings of fact and conclusions of law below, the motion is GRANTED in PART and DENIED in PART.

## I. INTRODUCTION

Plaintiff National Traffic Service, Inc. ("NTS") brought this action against Defendants Fiberweb, Inc. and Reemay, Inc., alleging breach of contract and unjust enrichment regarding a two-year Logistics Management Services Agreement.[3] Defendants' motion for summary judgment was granted as to Plaintiff's claim of unjust enrichment and denied with respect to the breach of contract claim.[4]

Plaintiff's pre-trial brief states that Judge Skretny's summary judgment order established as the "law of the case" that:

---

[1] Doc. No. 49.

[2] Doc. No. 50.

[3] Doc. No. 1. This case was originally assigned to The Honorable William M. Skretny, Chief Judge of the U.S. District Court for the Western District of New York. On August 27, 2012, the case was transferred to U.S. District Court Judge Billy Roy Wilson, Jr.

[4] See *Nat'l. Traffic Serv., Inc. v. Fiberweb, Inc.*, 829 F. Supp. 2d 185 (W.D.N.Y. 2011).

[a] the Agreement constitutes a legally binding contract; [b] plaintiff satisfied its obligations under the Agreement; [c] plaintiff presented defendant with a transportation plan for year two that was facially acceptable; [d] defendant rejected the year two transportation plan, and did so within its rights, but subject to an obligation to only do so in good faith, and on objectively reasonable grounds; [e] defendant has asserted only two reasons for rejecting the year two transportation plan, neither of which the Court could find, on summary judgment, were asserted in good faith; [f] a trial was necessary to determine whether either of defendants' two purported reasons for rejecting plaintiff's year two transportation plan were asserted in good faith, i.e. - objectively reasonable; and [g] plaintiff is entitled to 30% of the documented negotiated savings in the year two transportation plan.[5]

In response, Defendants filed a Motion in Limine contending that the earlier opinion does not constitute the "law of the case" and ask to present additional evidence at trial.[6] Defendants also ask this Court to determine the applicable standard imposed by the covenant of good faith and fair dealing under Tennessee law.[7] They assert that the summary judgment order misapplied the duty of good faith under Tennessee law when it cited the Sixth Circuit Court of Appeals' opinion in *NBC Capital Markets Group, Inc. v. First Bank.*[8]

According to Defendants, "[i]n contrast with [*First Bank*], Fiberweb was not bound by a best efforts clause and did not agree to use its best efforts to consummate any transaction with any carrier recommended by NTS."[9] Defendants contend that the Sixth Circuit's "best efforts" analysis in *First Bank* -- holding that a "party must act on 'objectively reasonable grounds' and

---

[5]Doc. No. 44.

[6]Doc. No. 48.

[7]Both parties concede that under § 10.1 of the Agreement Tennessee law governs this dispute (Doc. Nos. 36, 44).

[8]25 Fed.Appx. 363 (6th Cir. 2002) (interpreting contracting parties' duties under a "best efforts" clause).

[9]Doc. No. 48.

2

'not free to reject a facially acceptable bid based on mere whim or fancy[ ]'" -- is wholly inapplicable to determining whether the covenant of good faith was breached.[10]

## II. DISCUSSION

### A. Law of the Case

The "law of the case" doctrine directs courts to follow decisions made in earlier proceedings through the remainder of the case.[11]  Application of the doctrine, however, "is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment."[12]  To boot, the doctrine does not apply unless there is a final judgment that decided the issue.[13]  In other words, it does not apply when the order does not reach the merits of a claim;[14] nor does it apply to dicta.  Observations in an order that are not essential to the determination of the legal questions before the court are dicta, and dicta, as opposed to a court's holdings, has no binding effect in later proceedings in the same or any other case.[15]

Here, no final judgment on the breach of contract claim was rendered, and any statements in the earlier opinion "should be interpreted only in light of the limited purpose for which [they

---

[10]*Id.*

[11]*Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001).

[12]*Id.*

[13]*United States v. United States Smelting Co.*, 339 U.S. 186, 198-99 (1950); *Fontainbleau Hotel Corp. v. Crossman,* 286 F.2d 926, 928 (5th Cir. 1961).

[14]*Murr Plumbing, Inc. v. Scherer Bros. Fin Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995).

[15]*Municipality of San Juan v. Rullan*, 318 F.3d 26 (1st Cir. 2003); *United States v. Pasquanito*, 336 F.3d 321 (4th Cir. 2003) (explaining that a statement not directed to the merits of the case is dictum); *McKenzie v. Day*, 57 F.3d 1493 (9th Cir. 1995) (finding that when a court asserts what it would decide is not a decision on the merits but is conclusory dicta); *Peques v. Morehouse Parish School Bd.*, 706 F.2d 735 (5th Cir. 1983) (finding that comments on the merits of claim is dicta and does not serve as a basis for a "law of the case" challenge).

were] made, namely, to determine whether summary judgment was appropriate, and not for the purpose of finding facts or making legal conclusions on a full record disposing of the case on the merits."[16] Also, "even if the Court's prior statement could be considered a finding of fact, the law of the case doctrine does not preclude either party from offering additional evidence on this issue at trial." Accordingly, Defendants may present additional evidence at trial.

### B. The Duty of Good Faith and Fair Dealing under Tennessee Law

According to Defendants, Judge Sketny denied their Motion for Summary Judgment based on the duty imposed by a "best efforts" clause, instead of the duty imposed by the covenant of good faith.[17] I note, however, that Defendants did not petition this Court to reconsider the standard it applied in the earlier opinion, and generally, courts "will only reconsider a prior decision in the same case if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice."[18]

Here, Defendants assert that the duty of good faith is a distinct and less demanding standard from that of the duty imposed by a "best efforts" clause.[19] They contend that in rejecting Plaintiff's proposal, their rejection under the covenant of good faith is measured by the

---

[16]*Lovejoy-Wilson v. Noco Motor Fuels, Inc.*, 242 F. Supp. 2d 236, 249 (W.D.N.Y. 2003) (quoting *Reefer & Gen. Shipping Co., Inc. v. Great White Fleet, Ltd.*, 93CIV.906(SWK), 1995 WL 575290, at *5 (S.D.N.Y. Sept. 28, 1995)).

[17]Doc. No. 48.

[18]*Harris v. Key Bank Nat'l. Ass'n.*, 193 F. Supp. 2d 707, 710 (W.D.N.Y. 2002) (quoting *United States v. Sanchez*, 35 F.3d 673, 677 (2d. Cir. 1994)).

[19]Doc. No. 48.

parties' "objectively reasonable expectations;" whereas, under a "best efforts" clause, a party must have "objectively reasonable grounds" for rejecting a proposal.[20]

The earlier opinion correctly stated and applied the duty imposed by the covenant of good faith in determining whether summary judgment was appropriate and clearly squares with the Tennessee Supreme Court's decision in *Wallace v. National Bank of Commerce*.[21]  In *Wallace*, the court discussed the duty of good faith at length:

> It is true that there is implied in every contract a duty of good faith and fair dealing in its performance and enforcement, and a person is presumed to know the law. *See* Restatement (2d) Contracts, § 205 (1979).  What this duty consists of, however, depends upon the individual contract in each case.  In construing contracts, courts look to the language of the instrument and to the intention of the parties, and impose a construction which is fair and reasonable.
>
> [I]n determining whether the parties acted in good faith in the performance of a contract, **the court must judge the performance against the intent of the parties as determined by a reasonable and fair construction of the language of the instrument.**
> . . . .
>
> We emphasize that **it is only the objectively reasonable expectations of parties** that will be examined in determining whether the obligation of good faith has been met.[22]

It appears that the Tennessee courts have yet to address the distinction between the duty imposed by the covenant of good faith and a "best efforts" clause.  And, I am unimpressed with Defendants' asserted distinction between "objectively reasonable grounds" and "objectively reasonable expectations."  In reaching his decision on summary judgment, Judge Sketny found that a question of fact existed as to whether the Defendants' rejection breached the implied covenant of good faith -- did Plaintiff expect, based on a reasonable construction of the contract,

---

[20]*Id.*

[21]*Wallace v. National Bank of Commerce*, 938 S.W.2d 684 (Tenn. 1996).

[22]*Id.* at 686-87 (citations omitted) (emphasis added).

that Defendants would not reject a negotiated proposal on grounds other than those that were "objectively reasonable," and, if so, was the rejection in bad faith.

## CONCLUSION

In conclusion, both parties are free to present evidence at trial as to what the parties' objectively reasonable expectations were, based on a reasonable construction of the contract, and as to whether Defendants breached the covenant of good faith in light of the parties' expectations.

IT IS SO ORDERED this 4th day of September, 2012.

/s/ Billy Roy Wilson_____
 UNITED STATES DISTRICT JUDGE